IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SCOTT J. MISCOVICH, M.D. LLC, and WINDWARD URGENT CARE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY HEALTH ALLIANCE,<br><br>Defendants. | Case No. 22-cv-00033-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION FOR REMAND; AND (2) REMANDING ACTION TO STATE CIRCUIT COURT**[1] |

On December 30, 2021, Plaintiffs filed a Complaint in the First Circuit Court of the State of Hawai'i, alleging that Defendant, University Health Alliance (UHA), had tortiously denied insurance reimbursement claims from Plaintiffs relating to COVID-19 testing. On January 21, 2022, UHA removed the Complaint to this Court, asserting that federal question jurisdiction exists over the same because although no federal claim was directly alleged by Plaintiffs, their claims necessarily raise a substantial federal issue−namely, whether UHA violated two federal statutes in denying Plaintiffs' insurance claims. On January 26, 2022, Plaintiffs filed the instant motion for remand, Dkt. No. 9, arguing that the Complaint does not necessarily raise any substantial questions of federal law.

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

Having reviewed the record, relevant case law, and the parties' briefing on the motion for remand, the Court finds federal question jurisdiction to be lacking here. First, generally, removal jurisdiction is narrowly construed. Second, UHA relies on a "small" exception to the general rule that a plaintiff is the master of its complaint and can, thus, choose whether to rely on state or federal law. Third, the primary focus of the exception UHA relies upon is whether the complaint raises a "substantial" federal question. Fourth, a federal question is substantial when a "pure" issue of law exists, but not when an issue is "fact-bound and situation-specific." Fifth, the state law claims Plaintiffs raise are fact-bound and situation-specific. Specifically, the heart of the parties' dispute depends on whether each of hundreds of COVID-19 tests were or were not performed for reasons that would entitle Plaintiffs to reimbursement. Therefore, with awareness that removal jurisdiction must be narrowly construed, this case requires remand. As a result, as more fully set forth below, the motion for remand, Dkt. No. 9, is GRANTED, except to the extent it seeks attorneys' fees.

## **LEGAL STANDARD**

Pursuant to Section 1447(c) of Title 28, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing this

Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Pursuant to Section 1441(a) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have original jurisdiction over the action. As pertinent here, pursuant to Section 1331 of Title 28, this Court has original jurisdiction over all civil actions "arising under" federal law. The existence of removal jurisdiction based upon a federal question is judged as of the time the removal petition is filed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

"As a general rule, '[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal quotation omitted).

Exceptions exist, however, to the well-pleaded complaint rule. Pertinent here, one such "small" exception exists when "a federal issue is 'necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The "focus[]" of this inquiry is on "'whether a case turn[s] on substantial questions of federal law.'" *Id*. at 905 (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (alteration in original)). The Ninth Circuit Court of Appeals has explained that "an issue may qualify as substantial when it is a pure issue of law," but "a federal issue is not substantial if it is fact-bound and situation-specific…." *Id*. (quotations and citations omitted).

### RELEVANT PROCEDURAL BACKGROUND

In their Complaint, Plaintiffs, Scott J. Miscovich, M.D. LLC and Windward Urgent Care Services LLC (collectively, Plaintiffs), asserted three causes of action against UHA: (1) bad faith denial of insurance claims; (2) unjust enrichment; and (3) declaratory relief. Dkt. No. 1-2. In sum, Plaintiffs alleged that UHA had been unjustly enriched and engaged in bad faith by denying insurance claims for COVID-19 diagnostic tests. According to Plaintiffs, pursuant to two federal

statutes−the Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, and Economic Security (CARES) Act−UHA is required to pay for "COVID-19 diagnostic testing of asymptomatic individuals when the purpose of the testing is for individualized diagnosis or treatment of COVID-19." *Id*. at ¶ 87.[2]

In its removal petition, UHA asserted that subject matter jurisdiction is appropriate under 28 U.S.C. Section 1331 because this case arises under the FFCRA and the CARES Act. Dkt. No. 1. More specifically, relying upon *Gunn*, UHA asserted that, to succeed, Plaintiffs will need to prove that the FFCRA and the CARES Act were violated. *Id*. at ¶ 14.

Plaintiffs now move for remand, arguing that federal subject matter jurisdiction does not exist under *Gunn*. Dkt. No. 9. Specifically, Plaintiffs argue that the Complaint does not "necessarily" raise a federal issue, any such issue is not "substantial", and this case should be decided in State court. *Id*. at 8-12. Plaintiffs also request attorneys' fees under Section 1447(c). *Id*. at 13-14. UHA

---

[2]In their Complaint, Plaintiffs also alleged that UHA had informed Plaintiffs that they would be terminated as "participating providers" with UHA as of February 1, 2022. Dkt. No. 1-2 at ¶ 72. A week before that deadline, Plaintiffs filed a motion for temporary restraining order, Dkt. No. 7, −a motion that remains pending while the jurisdictional issues in this case are addressed, *see* Dkt. No. 8.

5

has opposed the motion for remand, Dkt. No. 12, and Plaintiffs have filed a reply in support, Dkt. No. 13.

This Order follows.

## DISCUSSION

As an initial matter, putting aside the particularities of *Grable* and *Gunn*, removal jurisdiction is narrowly construed. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Through this narrow lens appears another—*Grable* jurisdiction is, according to the Supreme Court, a "'special and small category[.]'" *City of Oakland*, 969 F.3d at 904 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In addition, the burden is on the removing party, here, UHA, to establish subject matter jurisdiction, and, perhaps more importantly, "any doubt as to the right of removal" must be resolved in favor of remand. *Duncan*, 76 F.3d at 1485 (quotation omitted).

With this overarching framework, the Court finds there is, at least, considerable doubt as to the right of removal here. This is in large part due to the guideposts that the Ninth Circuit has sketched for federal jurisdiction under *Grable* and *Gunn*. On one hand, the Ninth Circuit has explained that "substantial questions of federal law" may exist if an issue "raises substantial questions as to the interpretation or validity of a federal statute[.]" *City of Oakland*, 969 F.3d at

905. Here, the allegations of the Complaint may result in the need to interpret the FFCRA and the CARES Act in order, for example, to determine whether those statutes have been violated in denying insurance claims for COVID-19 testing.

On the other hand, however, are greater warning signs that the questions at issue in this lawsuit do not involve a substantial federal question. Notably, the Ninth Circuit has explained that "a federal issue is not substantial if it is fact-bound and situation-specific[.]" *Id.* (quotation omitted). At least as alleged in the Complaint, the dispute here is intensely fact-bound and situation-specific. Importantly, it appears that, while UHA believes that Plaintiffs' insurance claims should be denied because they relate to "workplace" tests, Plaintiffs believe that the tests should be paid by UHA because they were for "individualized diagnosis" or "outbreak" testing. Dkt. No. 1-2 at ¶¶ 54, 63-65, 69. Nothing could be more "fact-bound" than determining whether each of the allegedly hundreds or thousands of COVID-19 tests ordered by Plaintiffs were done for a diagnostic reason, employment reason, or both. Or for perhaps reasons other than diagnostic or employment. Simply put, as alleged, this case does not involve a "pure issue of law." As a result, the Court finds that federal jurisdiction under *Grable* and *Gunn* does not lie and, thus, GRANTS the motion for remand to the extent that this case

shall be remanded to the First Circuit Court. *See City of Oakland*, 969 F.3d at 905.

This leaves Plaintiffs' request for attorneys' fees. That request is DENIED because, while the Court may have found that remand is appropriate, UHA certainly had an "objectively reasonable basis" for seeking removal in light of the allegations in the Complaint and the case law concerning *Grable* and *Gunn*. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (explaining that attorneys' fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal.").

## **CONCLUSION**

For the reasons set forth herein, the motion for remand, Dkt. No. 9, is GRANTED IN PART and DENIED IN PART. This case is REMANDED to the First Circuit Court for the State of Hawaiʻi, pursuant to Section 1447(c) of Title 28. Plaintiffs' motion for temporary restraining order and for preliminary injunction, Dkt. No. 7, is DENIED WITHOUT PREJUDICE as moot. The Clerk is instructed

to mail a certified copy of this Order to the clerk of the First Circuit Court and then CLOSE this case.

    IT IS SO ORDERED.

    Dated: February 18, 2022 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

*Scott J. Miscovich, M.D., LLC et al v. University Health Alliance;* Civil No. 22-00033 DKW-WRP; ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION FOR REMAND; AND (2) REMANDING ACTION TO STATE CIRCUIT COURT